# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: :
    OBE E. JOHNSON :
: CIVIL ACTION NO. 21-CV-0086
:

## MEMORANDUM

**YOUNGE, J.**                                                                                                                           **APRIL 29, 2021**

      Plaintiff Obe E. Johnson, a prisoner currently incarcerated at the Correctional Institution Guayama 500, which is located in Guayama, Puerto Rico, filed with this Court a letter request for federal benefits. (*See* ECF No. 1.) For the following reasons, the Court will dismiss this action for lack of standing.

## I. PROCEDURAL HISTORY

      On January 4, 2021, the Clerk of Court docketed a two-page letter from Johnson entitled "Motion o Letter Requesting a Federal Benefit o Welfare to the COVID-19 (Coronavirus) for a Small Business." (ECF No. 1.) Attached to the letter were several exhibits that include a Commercial Activity license issued by the City of Philadelphia to "Obe's Professional Carpet Svc," as well as various filings from the United States District Court for the District of Puerto Rico and the United States Court of Appeals for the First Circuit related to a bankruptcy matter involving Johnson. (*Id.* at 3-17.)

      Although Johnson's submission was deficient as a complaint in a civil action in a number of respects, in an abundance of caution, the Clerk of Court treated his letter as a federal civil rights Complaint brought pursuant to 42 U.S.C. § 1983, opened a civil action, and assigned the matter to the undersigned for review. Because it was not clear to the Court that Johnson, by mailing the letter, intended to initiate a federal civil rights case, by Order dated January 28, 2021,

Johnson was granted an additional thirty days to either pay the fees necessary to commence a civil action in this Court, or to file an application to proceed *in forma pauperis*. (*See* ECF No. 3.) Additionally, the Order advised Johnson that if he intended to pursue a lawsuit via his January 4, 2021 submission to the Court, his submission did not meet the requirements of the Federal Rules of Civil Procedure and could not proceed as presented. (*Id.*) The Clerk of Court also was directed to send Johnson a copy of the Court's form amended complaint, as well as the Court's form application to proceed *in forma pauperis*. (*Id.*) Moreover, the January 28, 2021 Order informed Johnson that if he did not comply with the Court's Order, his case could be terminated for failure to prosecute. (*Id.*) The docket reflects that this Order was mailed to Johnson on or about February 3, 2021.

When Johnson failed to respond, the Court dismissed Johnson's case without prejudice for failure to prosecute on March 23, 2021. (ECF No. 4.) The docket reflects that this Order was mailed to Johnson on or about March 24, 2021.

On April 20, 2021, Johnson filed an application to proceed *in forma pauperis*, which included a financial affidavit, as well as a prisoner trust fund account statement. (ECF Nos. 5, 6.) Johnson included with the affidavit and financial information a letter that suggests that he did not receive the Court's January 28, 2021 Order, but only received the Court's March 23, 2021 Order that dismissed the case. (*See* ECF No. 5 at 19.)

The Court will reopen this case in light of Johnson's *pro se* status and his assertion that he did not receive the Court's initial Order and vacate its dismissal Order because it appears that Johnson intends to prosecute this case. For the reasons the follow, the Court will dismiss Johnson's Complaint and will deny the motion to proceed *in forma pauperis* as moot.

## II. STANDARD OF REVIEW

Johnson seeks to proceed *in forma pauperis* in this matter. (*See* ECF Nos. 5, 6.) In *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status. Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1).

Additionally, Article III of the Constitution provides that federal judicial power extends to cases and controversies. *See* U.S. Const. art III, § 2, cl. 1. "To reach the merits of a case, an Article III court must have jurisdiction." *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950-51 (2019). "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Id.* (citing *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "The three elements of standing . . . are (1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision." *Id.* (citation omitted). Furthermore, "Article III demands that an 'actual controversy' persist throughout all stages of litigation." *Id.* (citation omitted). Because standing under Article III "is an irreducible constitutional minimum, without which a court would not have jurisdiction to pass on the merits of the action[,]" the Court of Appeals for the Third Circuit has cautioned that federal courts "have an obligation to assure [them]selves of litigants' standing under Article III." *Wayne Land & Min. Grp., LLC v. Delaware River Basin*

*Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (internal quotations and citations omitted). The Court's "'continuing obligation' to assure that [it has] jurisdiction requires that [the Court] raise issues of standing . . . sua sponte." *Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007)).

**III. DISCUSSION**

In federal court, Johnson is limited to pursuing a legal case to address policies, practices, or conduct that caused him legally cognizable harm and to seek redress for that harm. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (internal quotations and citations omitted).

A review of Johnson's submissions reveals that he did not intend to initiate a lawsuit in this Court. His submissions do not identify any legal claim, fail to identify any defendants, and fail to state a basis for the exercise of jurisdiction by the Court. Instead, Johnson's submissions reflect that he seeks financial assistance for a business. It appears that at one point, Johnson operated a carpet cleaning business based in Yeadon, Pennsylvania. (*See* ECF No. 1.) In his initial submission to the Court, he requested from the "Honorable Court" or "agency" a COVID-19 "federal benefit" or "welfare" so that he may repay past-due business taxes owed to the City of Philadelphia. (*See id.* at 1.) Indeed, Johnson acknowledged that he may not have properly submitted his request, because he also asked that the "motion/letter" be referred "to the rightful federal agency." (*Id.* at 2.) Johnson's Motion to Proceed *In Forma Pauperis* further makes clear that he seeks some sort of financial benefit for his business. (*See* ECF No. 5.) This submission

4

includes an Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* form.[1]
(*Id.*) Johnson lists as his "issues on appeal" that he is "requesting assistance for my company to the Covid-19 (Coronavirus)." (*Id.* at 1.)

Johnson's letters reflect that he seeks COVID-related federal assistance for his business and that he may have addressed this request to this Court in error. Nothing in his letters suggests that he seeks to resolve a legal dispute or seeks redress for an injury. Moreover, he does not identify any defendant, nor allege a legal or jurisdictional basis for any claims. In other words, the Complaint does not present a case or controversy for the Court to address and must be dismissed for lack of jurisdiction. *See Martin v. Keitel*, 205 F. App'x 925, 928 (3d Cir. 2006) (per curiam) (affirming *sua sponte* dismissal of complaint seeking declaratory relief that did not satisfy standing or case or controversy requirements of Article III). Johnson will not be permitted to file an amended complaint because amendment would be futile. *See Dooley v. Wetzel*, 957 F.3d 366, 374-76 (3d Cir. 2020); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If Johnson's intent is to apply for financial benefits, he must proceed through the proper government agency, because this Court does not administer federal benefit programs.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's case without prejudice for lack of jurisdiction. Johnson will not be given leave to file an amended complaint. Furthermore,

---

[1] The Court does not understand Johnson to have intended to file a notice of appeal. Rather, it appears he simply used the form for proceeding *in forma pauperis* on appeal to file his Motion with this Court.

the application to proceed *in forma pauperis* (ECF No. 5) shall be denied as moot.

An appropriate Order follows.

**BY THE COURT:**

**/s/ John Milton Younge**
_____
**JOHN M. YOUNGE, J.**